UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'  JS-6

| Case No. | 5:15-cv-00161-CAS(KKx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | EAGLE VISTA EQUITIES LLC V. MIKE SPANOS | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Not Present | Not Present | |

**Proceedings:** (**In Chambers**) PLAINTIFF'S MOTION TO REMAND (Dkt. No. 7, filed February 4, 2015)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of March 9, 2015, is vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION

On December 15, 2014, plaintiff Eagle Vista Equities, LLC ("Eagle") filed an unlawful detainer action against defendant Mike Spanos ("Spanos") and Does 1 through 10 in San Bernardino County Superior Court. On January 26, 2015, defendant filed a notice of removal on the purported basis of federal question jurisdiction. Dkt. No. 1. In the notice of removal, Spanos alleges that he has several defenses based on plaintiff's alleged violations of the Fair Housing Act and the Americans with Disabilities Act. Id. On February 4, 2015 Eagle filed a motion to remand this action to the Superior Court.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'   JS-6

| Case No. | 5:15-cv-00161-CAS(KKx) | Date | February 23, 2015 |
|---|---|---|---|
| Title | EAGLE VISTA EQUITIES LLC V. MIKE SPANOS | | |

Dkt. No. 7. To date, Spanos has not opposed the motion.[1] For the reasons below, the motion to remand is granted.

## II. ANALYSIS

The party seeking removal bears the burden of establishing federal subject matter jurisdiction. See Prize Frize, Inc. v. Matrix, Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). In general, a federal district court has subject matter jurisdiction when a case presents a claim arising under federal law ("federal question jurisdiction"), or where the plaintiffs and defendants are citizens of different states and the amount in controversy exceeds $75,000 ("diversity jurisdiction"). See Deutsche Bank Nat'l Trust Co. v. Galindo, No. EDCV 10-01893-RGK (DTBx), 2011 WL 662324, at *1 (C.D. Cal. Feb. 11, 2011) (explaining the two types of jurisdiction); 28 U.S.C. § 1331 (statute governing federal question jurisdiction); id. § 1332 (statute governing diversity jurisdiction).

Defendant argues that the Court has federal question jurisdiction under the federal Fair Housing Act and Americans with Disabilities Act. Dkt. No. 1 at 3–4. But whether federal question jurisdiction exists is governed by the "well-pleaded complaint rule." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). Under this rule, the federal question "must be disclosed upon the face of the complaint, unaided by the answer." Gully v. First Nat'l Bank in Meridian, 299 U.S. 109, 113 (1936). A federal defense is not part of a plaintiff's claim. See Metro Life Ins. Co. v. Taylor, 481 U.S. 58, 63 (1987) (explaining that a defense "does not appear on the face of a well-pleaded complaint and,

---

[1] This Court's Local Rule 7-9 provides that any opposition to a motion shall be served and filed "not later than twenty-one (21) days before the date designated for the hearing of the motion." C.D. Cal. L.R. 7-9. Because this motion is set for hearing on March 9, 2015, defendant's opposition was due no later than February 16, 2015. "The Court may decline to consider any memorandum or other document not filed within the deadline set by order or local rule. The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion, with the exception that a motion pursuant to F. R. Civ. P. 56 may not be granted solely based on the failure to file an opposition." C.D. Cal. L.R. 7-12. Nevertheless, the Court has carefully considered the merits of this motion and concluded that remand is appropriate.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:15-cv-00161-CAS(KKx) | Date | February 23, 2015 |
| Title | EAGLE VISTA EQUITIES LLC V. MIKE SPANOS | | |

therefore, does not authorize removal to federal court"). Nor can a defendant's attempt to add federal counterclaims create subject matter jurisdiction. See Cal. Equity Mgmt. Grp., Inc. v. Jiminez, No. 13-cv-1222 JSC, 2013 WL 1748051, at *1 (N.D. Cal. April 23, 2013) ("[A] defendant cannot create federal subject matter jurisdiction by adding claims or raising defenses."); Fed. Nat'l Mortg. Ass'n v. Sue Lin Poh, No. C-12-02707 JCS, 2012 WL 3727266, at *2 (N.D. Cal. Aug. 28, 2012) ("[W]hether a case arises under federal law does not depend upon matters raised in the answer or in counterclaims.").

Here, the complaint alleges a single state-law claim for unlawful detainer. It is well settled that "[u]nlawful detainer actions are strictly within the province of state court." Fed. Nat'l Mortg. Assoc. v. Suarez, No. 1:11-cv-01225 LJO GSA, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011); see also Deutsche Bank Nat'l Trust Co. v. Leonardo, No. CV 11-3979 PSG (AJWx), 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1. 2011) ("[T]he complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law."). Therefore, the Court does not have federal question jurisdiction over this action.

Although Spanos has not asserted that jurisdiction in this Court is proper on the basis of diversity, it is clear from the face of the complaint that this type of jurisdiction is also absent. For diversity jurisdiction to be proper, all plaintiffs must be diverse from all defendants, and the amount in controversy must exceed $75,000. Even if Spanos had established that diversity of citizenship is present, which he has not attempted to do, the amount in controversy is far below the statutorily required amount. "In unlawful detainer actions, 'the right to possession alone [is] involved—not title to the property.'" Sue Lin Poh, 2012 WL 3727266, at *2 (citing Litton Loan Serv. L.P. v. Villegas, No. C 10-05478 PJH, 2011 WL 204322, at *2 (N.D. Cal. Jan 21, 2011)); see Evans v. Superior Court, 67 Cal. App. 3d 162, 168 (1977). Therefore, "the amount of damages sought in the complaint, not the value of the subject real property, determines the amount in controversy." Villegas, 2011 WL 204322, at *2. The complaint pleads damages of $40 per day, beginning on December 13, 2014. To date, the total amount is less than $3,000. Thus, the Court lacks diversity jurisdiction as well.

As discussed above, the Court does not have federal question or diversity jurisdiction over this action. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. §

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O'   JS-6 |
|---|---|---|---|
| Case No. | 5:15-cv-00161-CAS(KKx) | Date | February 23, 2015 |
| Title | EAGLE VISTA EQUITIES LLC V. MIKE SPANOS | | |

1447(c).  The Court therefore **REMANDS** this case to the San Bernardino County Superior Court.

    IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CMJ |